# STATE OF CONNECTICUT *v.* RODNEY REMBERT
# (9693)

O'CONNELL, NORCOTT and HEIMAN, Js.

Argued September 27—decision released November 12, 1991

*Marjorie Allen Dauster,* deputy assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *Linda Howe,* assistant state's attorney, for the appellant (state).

*Joseph G. Bruckman,* assistant public defender, for the appellee (defendant).

NORCOTT, J. The state of Connecticut appeals, with the permission of the trial court, from the judgment of the court granting the defendant's motion for acquittal after he was convicted by a jury of evading responsibility in violation General Statutes § 14-224 (a) and (d).[1] The defendant also was convicted of one count of assault in the first degree in violation of General Statutes § 53a-59 (a) (1), one count of assault in the second degree in violation of General Statutes § 53a-60 (a) (2), and one count of reckless endangerment in the first degree in violation of General Statutes § 53a-63 (a). He was sentenced to a term of imprisonment of ten years, suspended after five, for a total effective sentence of five years imprisonment.

On appeal, the state offers a two-pronged attack on the trial court's judgment. The state claims that the trial court improperly construed the term "accident" in § 14-224 to encompass only unintentional conduct.

[1] General Statutes § 14-224 provides in pertinent part:"EVASION OF RESPONSIBILITY IN OPERATION OF MOTOR VEHICLES. RACING. (a) Each person operating a motor vehicle who is knowingly involved in an accident which causes serious physical injury, as defined in section 53a-3, to or results in the death of any other person shall at once stop and render such assistance as may be needed and shall give his name, address and operator's license number and registration number to the person injured or to any officer or witness to the death or serious physical injury of any person . . . ."

In the alternative, the state urges that even if the term "accident" means only unintentional conduct, sufficient evidence existed for the jury to find the defendant guilty and therefore the trial court should not have granted his motion for acquittal.

The facts relevant to this appeal are as follows. On June 3, 1989, at about 9:30 p.m., the defendant and his girl friend, Elizabeth Marrero, became involved in a violent encounter with a group of teenagers outside a market on a Bridgeport street. During the incident, the defendant was able to get into his car, whereupon he drove it onto the sidewalk toward the teenagers. The youths ran onto a nearby porch, and the defendant's car instead struck a five year old boy, Jason Marrero, and his mother, Emilia Rodriguez, who, along with Jason's father, Miguel Ramirez, and other family members, was returning from dinner at a local pizzeria. The defendant then drove forward again, striking Jason and his mother a second time. The defendant was able to drive away despite an attempt by Jason's father to prevent him from leaving. He did not stop to offer help, nor did he identify himself or report the incident to police.

The defendant testified that he had been stabbed and robbed by one of the teenagers before reaching his car. He testified that while inside the car he looked out and saw another youth pointing a gun at him, whereupon he ducked down and drove off to his mother's house. He also testified that he did not become aware he had struck anyone until his girl friend told him so at his mother's house. She persuaded him to go to a hospital for treatment, where he gave police a false identity and told them he had been robbed at a location other than the market.

As a result of the incident, Jason's mother suffered back and knee injuries, and needed a crutch to walk

for one month afterward. Jason suffered multiple compound leg fractures and needed six weeks of hospital care and several surgeries.

The state claims that the trial court improperly granted the defendant's motion for acquittal on the basis of its interpretation of § 14-224 as being applicable only to unintentional conduct. Because we agree with the state's alternative contention that, even under such an interpretation, sufficient evidence existed to find the defendant guilty, we need not engage in the exercise of defining the term "accident" within the meaning of the statute.

When reviewing claims of evidentiary sufficiency, this court employs a two part analysis. "First, we review the trial evidence, construing it in the most favorable manner reasonably possible to support the jury's verdict. Second, we ascertain whether any jury could reasonably have concluded that the cumulative effect of the established evidence, and the inferences reasonably drawn from those evidentiary facts, established guilt beyond a reasonable doubt." *State* v. *Bowens*, 24 Conn. App. 642, 646, 591 A.2d 433, cert. denied, 220 Conn. 906, 593 A.2d 97 (1991); *State* v. *King*, 216 Conn. 585, 600–601, 583 A.2d 896 (1990). Further, each essential element of the crime must be proven beyond a reasonable doubt. *In re Winship*, 397 U.S 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970); *State* v. *King*, supra; *State* v. *Bowens*, supra. The jury may not engage in speculation or conjecture, but may draw only reasonable, logical inferences from the proven facts. *State* v. *King*, supra; *State* v. *Bowens*, supra.

Here, based on the testimony at trial, ample evidence existed permitting the jury to find that the defendant drove his car at the teenagers, intending to injure them, and that he instead unintentionally struck Jason. Con-

trary to the requirements of § 14-224 (a), the defendant failed to stop and render assistance, and did not identify himself to anyone at the scene or report the incident to police. Because Jason suffered multiple compound leg fractures and needed extensive hospital care and repeated surgery, it is clear that the defendant caused "serious physical injury," as contemplated by the statute. Moreover, since the defendant actually intended to strike the teenagers with the car, hitting Jason instead constituted an "accident" under any definition of the word. The evidence in this case was clearly sufficient to support the jury's decision to convict.

The judgment granting the motion for acquittal is reversed and the case is remanded with direction to render judgment on the jury's verdict of guilty of evading responsibility and to resentence the defendant in accordance with that conviction.

In this opinion the other judges concurred.